UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 21-cr-155-07-07 |
| -vs- | JUDGE DRELL |
| LOUIS VERNON JACKSON (07) | MAGISTRATE JUDGE PEREZ-MONTES |

### ORDER

Before the court are two motions to quash filed by *pro se* defendant Louis Vernon Jackson. The first is a motion to quash the indictment for failing to include "the arrest element" (Doc. 293) and the second is to quash count 7 of the indictment as it does not comport with Rehaif v. United States, 139 S.Ct. 2191 (Doc. 326).

Motion to quash for failure to state an offense

In the first of these two motions, Jackson alleges that the United States failed to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Specifically, he contends the Government failed to include the essential element of "arrest" in any of the counts against him. Jackson argues that arrest is an essential element of the charged crimes and cites the cases of United States v. Wong Kim Bo, 466 F.2d 1298 (5th Cir. 1972) and United States v. Davis, 92 F.3d 1186 (4th Cir. 1996) in support of his position.

"Under the Sixth Amendment, an indictment must '(1) enumerate each prima facie element of the charged offense; (2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions.'" United States v. Guzman Ocampo, 236 F.3d 233, 236 (5th Cir. 2000) (quoting United States v. Gaytan, 74 F.3d 545, 551 (5th Cir.1996)). "[A]n indictment is sufficient if it 'contains the elements of the offense

charged and fairly informs the defendant of the charge against which he must defend.'" United States v. Lawrence, 727 F.3d 386, 397 (5th Cir. 2013) (quoting United States v. Fuller, 974 F.2d 1474, 1480 (5th Cir. 1992)). "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978) (citations omitted). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." United States v. Thomas, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation marks and citations omitted); *see* United States v. Massey, 849 F.3d 262, 264 (5th Cir. 2017) (same).

When considering a motion to dismiss the indictment for failure to state an offense, a court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004)) (internal quotation marks omitted). We will do so *infra*; however, we must first address the two cases that Jackson cites in support of his position that arrest is an essential element and must be listed in counts asserted against him in the instant indictment.

In both Wong Kim Bo and Davis, indictments charged the defendants as aliens who returned to the United States after being removed/deported. The courts found in those cases that arrest was an essential element of the crime of reentry of a removed alien as the statute, at that time, provided that "any alien who – (1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or is at any time found in the United States…shall be fined …not more than 2 years…." 8 U.S.C. § 1326. As arrest was specifically found in the statute, it was an element of that crime. Here, Jackson is not charged under the statute at issue in Wong Kim Bo and Davis. Rather, he is charged in Count 1 with Conspiracy to Distribute

2

Methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846; in Count 5 with Possession with Intent to Distribute Tramadol in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. § 2, in Count 6 with Possession of Firearms in Furtherance of Drug Trafficking in violation of 18 U.S.C.§ 924(c)(1), in Count 7 with Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g), and in Count 9 with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

>Count 1 of the indictment states:
>
>On a date uncertain, but no later than on or about December 1, 2019 and continuing until on or about May 13, 2020, in the Western District of Louisiana and elsewhere, the defendants, James Christopher Weeks, Savannah Maria Weeks, Adam James Johnson, Ashley Danielle Dowden, Eric Joseph Sandifer, Candiace Shree Bronson, and Louis Vernon Jackson and other persons known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to possess with the intent to distribute fifty (50) grams or more of methamphetamine or five-hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and 846.

The essential elements the Government must prove to establish a violation of 21 U.S.C. § 846 are set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions. Those elements are:

> *First*: That two or more persons, directly or indirectly, reached an agreement to distribute methamphetamine;
>
> *Second*: That the defendant knew of the unlawful purpose of the agreement;
>
> *Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;
>
> *Fourth*: That the overall scope of the conspiracy involved at least 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; and
>
> *Fifth*: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 50 grams or more of methamphetamine or 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

Fifth Circuit Pattern Jury Instructions No. 2.97, p. 539-540 (2019).

None of the essential elements for this offense include arrest. Thus, neither the July 7, 2017 arrest, nor any other arrest need be included in the indictment. It is important to note the indictment tracks the language of the statute and includes the essential elements of the offense. Accordingly, there is no basis for dismissal of Count 1.

Count 5 of the indictment states:

On or about April 16, 2020, in the Western District of Louisiana, the defendants, Candiace Shree Bronson and Louis Vernon Jackson, did knowingly and intentionally possess with intent to distribute Tramadol, a Schedule IV controlled substance, and did aid and abet the possession with intent to distribute, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

The essential elements the Government must prove to establish a violation of 21 U.S.C. § 841(a)(1) are set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions. Those elements are:

*First*: That the defendant knowingly possessed a controlled substance;

*Second:* That the substance was in fact Tramadol; and

*Third:* That the defendant possessed the substance with intent to distribute it.

Fifth Circuit Pattern Jury Instructions No. 2.95A, p. 527 (2019).

Again, none of the essential elements relate to arrest, so neither the July 7, 2017 arrest, nor any other arrest need be included in the indictment. The indictment tracks the language of the statute and includes the essential elements of the offense. Accordingly, there is no basis for dismissal of Count 5.

Count 6 of the indictment states:

On or about April 16, 2020, in the Western District of Louisiana, the defendants, Candiace Shree Bronson and Louis Vernon Jackson did knowingly possess

firearms, to wit: (1) a Marlin rifle; model: 336CS; caliber: 30-30 and (2) a SCCY pistol; model: CPX-1; caliber: 9mm, in furtherance of drug trafficking crimes for which they may be prosecuted in a court of the United States, that is, possession with intent to distribute tramadol, as alleged in Count 5, all in violation of Title 18, United States Code, Section 924(c)(1).

The essential elements the Government must prove to establish a violation of 18 U.S.C. § 924(c)(1) as set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions are:

*First*: That the defendant committed the crime alleged in Count 5 [possession with intent to distribute Tramadol]; and

*Second*: That the defendant knowingly possessed a firearm during and in relation to the defendant's commission of the crime charged in Count 5.

Fifth Circuit Pattern Jury Instructions No. 2.44B, p. 274 (2019).

Again, none of the essential elements relate to arrest, so an arrest need not be included in the indictment. The indictment tracks the language of the statute and includes the essential elements of the offense; accordingly, there is no basis for dismissal of Count 6.

Count 7 of the indictment states:

On or about the April 16, 2020, in the Western District of Louisiana, the defendants, Candiace Shree Bronson and Louis Vernon Jackson, knowing they had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, firearms, to wit: (1) a Marlin rifle; model: 336CS; caliber: 30-30 and (2) a SCCY piston; model: CPX-1; caliber 9mm, all in violation of Title 18, United States Code, Section 992(g).

The essential elements the Government must prove to establish a violation of 18 U.S.C. § 922(g) as set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions are:

*First*: That the defendant knowingly possessed a firearm as charged;

*Second:* That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third*: That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

*Fourth*: That the firearm possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

Fifth Circuit Pattern Jury Instruction No. 2.43D, p. 266 (2019).

As with prior counts, there is no element regarding arrest. The indictment tracks the language of the statute and includes the essential elements of the offense. Accordingly, there is no basis for dismissal of Count.

Count 9 of the indictment states:

On or about May 13, 2020, in the Western District of Louisiana, the defendants, James Christopher Weeks, Candiace Shree Bronson and Louis Vernon Jackson, did knowingly and intentionally possess with intent to distribute (50) grams or more of methamphetamine, a Schedule II controlled substance, and did aid and abet the possession with intent to distribute, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

The essential elements the Government must prove to establish a violation of 21 U.S.C. § 841(a)(1) set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions are:

*First*: That the defendant knowingly possessed a controlled substance;

*Second:* That the substance was in fact methamphetamine;

*Third:* That the defendant possessed the substance with the intent to distribute it; and

*Fourth*: That the quantity of the substance was at least 50 grams or more.

Fifth Circuit Pattern Jury Instructions No. 2.95A, p. 527 (2019).

Again, none of the essential elements for possession with intent to distribute a controlled substance includes arrest. The indictment tracks the language of the statute and includes the essential elements of the offense; accordingly, there is no basis for dismissal of Count 9.

<u>Motion to quash Count 7</u>

Jackson's second motion to quash pertains to Count 7 of the indictment. This motion is duplicative of a previously filed motion seeking to quash Count 7. Again, Jackson contends that

6

the indictment does not follow the language of Rehaif. For the reasons already set forth by this court in our prior ruling (Doc. 177), the motion will be denied.

In light of the foregoing, it is hereby

ORDERED that Jackson's motion to quash the indictment (Doc. 293) and motion to quash Count 7 (Doc. 326) are DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 1st day of March 2023.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT