UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 21-cr-155-07 |
| -vs- | JUDGE DRELL |
| LOUIS VERNON JACKSON (07) | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM RULING AND ORDER

Before the court are nine more pretrial motions filed by Louis Vernon Jackson:

(1) Motion to Strike Language of Prior Convictions from the Indictment (Doc. 311);

(2) Motion to Strike All Evidence From Trial as Inadmissible in a Federal Prosecution under Rule 12(b)(3) of Federal Rules of Criminal Procedure (Doc. 342);

(3) Motion to Quash United States' Notice of Prior Convictions (Doc. 361);

(4) Motion to Quash Count Six and Count 7 of the Indictment as Unconstitutionally Vague" (Doc. 363);

(5) Motion to Strike Jaylon Wright as an Expert Witness (Doc. 368);

(6) Motion to Strike North Louisiana Criminalistics Laboratory and Lab Reports from Trial (Doc. 369);

(7) Motion to Strike All Evidence from Trial in Counts Five, Six, and Seven of the Indictment (Doc. 370);

(8) Motion to Strike Business and Public Records from Avis Rental, Best Western, and Motel 6 from Trial (Doc. 375); and

(9) Motion to Strike Title 21 U.S.C. Section 841(b)(1)(A) from Trial (Doc. 376).

1. <u>Language Regarding Prior Convictions (Doc. 311)</u>

Jackson seeks to have language of his prior convictions omitted from the indictment under Fed.R.Crim.P. 7(d) arguing the language is not relevant to the charges and is inflammatory and prejudicial. Pursuant to <u>Apprendi v. United States</u>, 530, U.S. 466 (2000), where a prior conviction is to be considered for purposes of increasing the criminal penalty beyond the statutory minimum, the existence of the prior conviction should not be presented to the jury. Accordingly, the Government should redact the language found under the heading in the indictment "Sentencing Enhancements Based on Prior Convictions." (Doc. 1, pp. 4-5).

To the extent that Jackson seeks to strike the language in Count 7 regarding his prior conviction ("knowing [he] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year" (Id. at p.3)), the motion is denied. That language is an essential element of the charge, felon in possession of a firearm charged pursuant to 18 U.S.C. §922(g). See <u>United States v. Valencia</u>, 600 F.3d 389, 389 (5th Cir.2010); <u>United States v. Alexander</u>, 2008 WL 2130185, at *3 (W.D.La. May 18, 2008).

2. <u>Motion to Strike All Evidence as Inadmissible (Doc. 342)</u>

Jackson seeks to exclude all evidence collected as a result of the search conducted on April 16, 2020 pursuant to a search warrant issued by Judge Sylvester of the Tenth Judicial District Court, Parish of Natchitoches, State of Louisiana. Jackson contends that because the search warrant is a state search warrant it is invalid under Fed.R.Crim.P. 41. He further argues that the evidence collected during the execution of the warrant should be excluded.

"Fed.R.Crim.P. 41 applies only to warrants issued '"upon [the] request of a federal law enforcement officer or an attorney for the government"' and Rule 41 [is] inapplicable to State search warrants even though ... the evidence obtained from the search [is] offered in a federal

2

prosecution." U.S. v. Shaw, 920 F.2d 1225, 1229 (5th Cir.1991) (citing United States v. McKeever, 905 F.2d 829, 830, 932-33 (5th Cir. 1990). As an officer with the Natchitoches Parish Sheriff's Office sought this warrant after obtaining probable cause to believe a state law offense was being committed and because he sought and obtained the signature of a judge in the Tenth Judicial District, we must conclude the warrant is a valid state court warrant. It is not governed by procedural rules set forth in the Federal Rules of Criminal Procedure. As such, there is no reason to address the contention that the Natchitoches Parish Court was not a court of record as required by Rule 41.

Jackson does not argue the warrant fails to comply with federal constitutional protections, and we see nothing which renders the warrant invalid or the evidence obtained during the execution fruit of the poisonous tree. Accordingly, the motion will be denied.

3. Motion to Quash Counts 1, 5, and 9 (Doc. 361)

Jackson seeks to quash Counts 1, 5, and 9 as well as the Government's notice of prior convictions because he was not charged in the indictment with a violation of 21 U.S.C. §841(b)(1)(A). Jackson claims that Apprendi requires "any fact (other than a prior conviction) that increases a maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." (Doc. 361, p.4). In actuality, the language states:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Apprendi, 530 U.S. at 490. Nothing in Apprendi suggests that §841(b)(1)(A) or (B) must be presented in the indictment. That is most likely because subsection (b) is not part of the charging language but instead sets forth potential penalties. The indictment in this case properly sets forth the quantity of methamphetamine allegedly possessed by Jackson in Counts 1 and 9 of the

3

indictment and those amounts may be presented to the jury for consideration. The indictment also included the fact that Jackson has a prior serious drug conviction so there is no surprise that the prior conviction will be argued by the Government as a basis to increase his maximum sentence. (See *supra*). Finally, the Government did not set forth and amount of Tramadol allegedly possessed and does not seek an enhanced sentence under Count 5, so the argument is moot with respect to this count.

In light of the foregoing, we find no merit to Jackson's arguments and the motion to quash will be denied.

4. <u>Motion to Quash Counts 6 and 7 (Doc.363)</u>

Jackson seeks to quash Count 6 of the indictment and argues that it is unconstitutionally vague. Specifically, he contends that the prohibited conduct is found in 18 U.S.C. § 924(c)(1)(A) and not § 924(c)(1) as charged in the indictment. Jackson contends that he couldn't possibly have had notice that his alleged conduct or behavior was criminal in nature since he somehow didn't have the benefit of the full statute.

18 U.S.C. § 924(c)(1) necessarily includes subsection (A). To read them separately would be in error. A reading of 924(c)(1) and its subparts clearly establishes that it is prohibited conduct to use or carry a firearm while committing a drug trafficking crime and that if one is found guilty of the same, he or she faces the prescribed penalties. Accordingly, we find the statute is not vague.

Jackson also seeks to quash Count 7 of the indictment as unconstitutionally vague and argues that the prohibited conduct charged in Count 7 is provided in 18 U.S.C. § 922(g)(1) and not § 922(g). Just as explained above, § 922(g) necessarily includes subsection (1). To read them separately would be in error. The statute makes clear that it is a crime for a person who was

convicted in a court of a crime punishable for a term in excess of a year to carry a firearm that traveled in or affected interstate or foreign commerce. Accordingly, the statute is not vague.

Finding neither statute vague and noting that Jackson was properly notified of his alleged criminal conduct by citation to the statute without reference to its subsection (not to mention actual notice of the charges against him at his initial appearance and arraignment), this motion will be denied.

5. <u>Motion to Strike Jaylon Wright as an Expert (Doc. 368)</u>

As noted by the Government, Jackson does not attack the admissibility of a Mr. Wright as an expert witness under either Federal Rule of Evidence 702 or <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993). In fact, not one of his arguments falls under the standards set forth in either Rule 702 or <u>Daubert</u>. Instead, Jackson asserts without supporting law that Mr. Wright was not previously admitted as an expert in this court. The fact Mr. Wright may not have served as an expert in this court on a previous matter is irrelevant to whether he is qualified to serve as an expert in this case. The Government will present Mr. Wright as an expert in his field at trial and Jackson will have an opportunity to cross-examine Mr. Wright and show why he should not be accepted as an expert witness. Accordingly, at this time, there is no basis to prohibit the Government from presenting Mr. Wright as an expert witness at trial.

Jackson further argues that because the lab report prepared by Mr. Wright should be stricken under "federalism" because it cites state law. The court does not have a copy of the lab report and cannot verify the contents of the report at this time. Accordingly, the court reserves ruling on this issue. Jackson may raise his objection at the proper time during trial.

6. <u>Motion to Strike North Louisiana Criminalistics Laboratory and Lab Reports (Doc. 369)</u>

Jackson re-urges his argument that the lab reports should be stricken because they are "governed by state law." For the reasons set forth above, the court reserves ruling on this motion.

7. <u>Motion to Strike all Evidence from Trial in Counts 5, 6, and 7 (Doc. 370)</u>

In this motion, Jackson argues that all evidence obtained during the execution of the state warrant discussed *supra* should be excluded because return was not made within 10 days. Specifically, Jackson contends that under both Fed.R.Crim.P. 41 and La.C.Cr.P. art. 163, return must be made within 10 days of execution of a warrant. According to Jackson, because the warrant was executed on April 16, 2020 and the return was not made until May 6, 2020, the Government should not be able to use any evidence obtained during or as a result of the April 16, 2020 search.

As explained *supra*, Fed.R.Crim.P. 41 does not apply to this warrant. Even if it did, there is no requirement under subsection (D) that the warrant and inventory be returned in 10 days. The statute requires a prompt return. There is no argument by Jackson that the return was not prompt nor any argument that he was prejudiced by the fact the return was made on May 6, 2020. Moreover, Jackson fails to cite any Louisiana law which requires the return be made within 10 days. Jackson cites La.C.Cr.P. art 163 which states in subjection (C) that "… a search warrant cannot be lawfully executed after the expiration of the tenth day after its issuance." This article is inapplicable to Jackson's argument as it discusses execution within 10 days, not return of the warrant within 10 days. As the warrant was executed the same day it was signed, there is no reasons to strike the evidence.

6

8. <u>Motion to Strike Business and Public Records from Avis Rental, Best Western, and Motel 6 (Doc. 375)</u>

In this motion, Jackson argues that the Government seized records without a federal search warrant in violation of the Fourth Amendment. As a result of this illegal search and seizure, he seeks to strike the business and public records.

The Fourth Amendment applies rights to people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures. The Fourth Amendment does not apply in this case. The business and public records of Avis, Best Western, and Motel 6 are not Jackson's property and Jackson lacks standing to raise the issue because he doesn't have a legitimate expectation of privacy to the business and public records of these three companies, none of which he owns. Accordingly, his argument is without merit and the motion will be denied.

9. <u>Motion to Strike 21 U.S.C. § 841(b)(1)(A) (Doc. 376)</u>

Jackson again attacks the indictment for its failure to charge him with a violation of 21 U.S.C. § 841(b)(1)(A). As discussed in part three of this memorandum order, there is no charging language contained in §841(b)(1)(A). The subsection relates to penalties for violation of subsection (a) which was charged against Jackson in Counts 1, 5, and 9 of the indictment. Again, there is no requirement by <u>Apprendi</u> to charge the defendant in the indictment with the amount of drugs for which may ultimately be held responsible. Nevertheless, the amounts of methamphetamine were cited in the indictment in Counts 1 and 9 and there is no enhanced penalty sought under Count 5. Accordingly, the motion is denied.

For the foregoing reasons, it is hereby

ORDERED that the motion to strike language of Jackson's prior convictions (Doc. 311) is GRANTED IN PART and DENIED IN PART. It is further

ORDERED that the Motion to Strike All Evidence From Trial as Inadmissible in a Federal Prosecution under Rule 12(b)(3) of Federal Rules of Criminal Procedure (Doc. 342) is DENIED. It is further

ORDERED that the Motion to Quash United States' Notice of Prior Convictions (Doc. 361) is DENIED. It is further

ORDERED that the Motion to Quash Count Six and Count 7 of the Indictment as Unconstitutionally Vague (Doc. 363) is DENIED. It is further

ORDERED that ruling on the Motion to Strike Jaylon Wright as an Expert Witness (Doc. 368) is DENIED. However, Jackson may challenge Mr. Wright's qualifications at trial under Fed.R.Evid. 702 and/or Daubert. It is further

ORDERED that ruling on the Motion to Strike North Louisiana Criminalistics Laboratory and Lab Reports from Trial (Doc. 369) is reserved for ruling at trial. It is further

ORDERED that the Motion to Strike All Evidence from Trial in Counts Five, Six, and Seven of the Indictment (Doc. 370) is DENIED. It is further

ORDERED that the Motion to Strike Business and Public Records from Avis Rental, Best Western, and Motel 6 from Trial (Doc. 375) is DENIED. It is further

ORDERED that the Motion to Strike Title 21 U.S.C. Section 841(b)(1)(A) from Trial (Doc. 376) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 3RD day of April 2023.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT