UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 21-cr-155-07-07 |
| -vs- | JUDGE DRELL |
| LOUIS VERNON JACKSON (07) | MAGISTRATE JUDGE PEREZ-MONTES |

**ORDER**

Before the court is Louis Vernon Jackson's timely motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34. (Doc. 433). In the introductory paragraph of his motion, Jackson asserts the court should arrest judgment because it does not have jurisdiction over the offenses charged in Counts 1, 7, and 9. However, Jackson's motion only addresses the lack of jurisdiction over Count 7.

Count 7 of the indictment states:

> On or about the April 16, 2020, in the Western District of Louisiana, the defendants, Candiace Shree Bronson and Louis Vernon Jackson, knowing they had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, firearms, to wit: (1) a Marlin rifle; model: 336CS; caliber: 30-30 and (2) a SCCY piston; model: CPX-1; caliber 9mm, all in violation of Title 18, United States Code, Section 992(g).

The essential elements the Government must prove to establish a violation of 18 U.S.C. § 922(g) as set forth in the Fifth Circuit Court of Appeals Pattern Jury Instructions are:

> *First*: That the defendant knowingly possessed a firearm as charged;
>
> *Second:* That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;
>
> *Third*: That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

*Fourth*: That the firearm possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

Fifth Circuit Pattern Jury Instruction No. 2.43D, p. 266 (2019).

Jackson argues for the third time to this court that Count 7 of the indictment is insufficient under Rehaif v. United States, 139 S.Ct. 2191 (2019). For the reasons initially assigned, we again deny his challenge to Count 7 of the indictment, Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g). The indictment clearly sets forth the essential element that Jackson knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Jackson also argues that United States v. Lavalais, 960 F.3d 180 (5th Cir. 2020) establishes that an essential element of the crime charged in Count 7, Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g), is that he knowingly possessed the firearm. We agree that this is an essential element, but unlike Jackson, we find that the indictment clearly charges that essential element: "Jackson…, knowingly possessed, in and affecting commerce, firearms, to wit: (1) a Marlin rifle; model: 336CS; caliber: 30-30 and (2) a SCCY piston; model: CPX-1; caliber 9mm."

As Count 7 clearly sets forth all essential element of the crime Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g), including knowingly possessing a firearm, it is

ORDERED that Jackson's motion to arrest judgment (Doc. 433) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 29th day of June 2023.

                                             DEE D. DRELL, SENIOR JUDGE
                                             UNITED STATES DISTRICT COURT